UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Virsna A. Sieng,

    Petitioner,

    v.

Warden, Belmont
Correctional Institution,

    Respondent.

Case No. 2:20-cv-1531
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On April 1, 2020, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed. ECF No. 2. Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. ECF No. 3. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection, ECF No. 3, is **OVERRULED**. The Report and Recommendation, ECF No. 2, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions after a jury trial in the Franklin County Court of Common Pleas for possession of 100 grams or more of cocaine with a firearm and major drug offender specification and having a weapon while under

disability.  On December 14, 2017, the trial court imposed a term of fifteen years' incarceration.  The Ohio Tenth District Court of Appeals affirmed the trial court's judgment, and the Ohio Supreme Court declined to accept jurisdiction of the appeal.  Petitioner now asserts, as his sole ground for relief, that his convictions violate the Fourth Amendment.  The Magistrate Judge recommended dismissal of this claim for failing to provide a basis for relief under the *Stone v. Powell*, 428 U.S. 465 (1976).  Petitioner objects to that recommendation.

Petitioner argues, as he did previously, that, like the petitioner in *Riley v. Gray*, 674 F.2d 522, 525 (6th Cir. 1982), the state appellate court in this case deprived him of a full and fair opportunity to litigate his Fourth Amendment claim because it issued an unanticipated ruling without remanding the case to the trial court for factual findings on the issue of his consent.  The Court is not persuaded by this argument.

As discussed in the Report and Recommendation, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Stone*, 428 U.S. at 494.  "[T]he state court need do no more than 'take cognizance of the constitutional claim and rule in light thereof.'"  *Riley*, 674 F.2d at 525.  In other words, "[d]id the state courts permit the defendant to raise the claim or not?"  *Good v. Berghuis*, 729 F.3d 636, 640 (6th Cir. 2013).  An appellate court's dismissal of a Fourth Amendment claim based on harmless

error does not deprive a criminal defendant of a full and fair opportunity to litigate his claim. *See Wangler v. Sheldon*, No. 3:13-cv-02598, 2015 WL 13730919, at *12 (N.D. Ohio Oct. 19, 2015) (citing *Moore v. Cowan*, 560 F.2d 1298 (6th Cir. 1977); *Griffin v. Rose*, 546 F. Supp. 932, 934–35 (E.D. Tenn. Aug. 24, 1981). "An opportunity for full and fair consideration 'means an available avenue for the prisoner to present his claim to the state courts' and does not depend on the 'adequacy of the procedure actually used to resolve that particular claim.'" *Davis v. Burt*, No. 18-1515, 2015 WL 5821722, at *2 (6th Cir. Sept. 11, 2018) (citing *Good,* 729 F.3d at 639)).

> In *Riley*, the state court of appeals found that there was no evidence that the petitioner had standing to challenge the search and therefore the state court of appeals concluded that it was unable to rule on the merits of the petitioner's Fourth Amendment claim and did not remand the matter to the trial court to allow the petitioner to establish standing. *Riley*, 674 F.2d at 526-528. The Sixth Circuit concluded that the state court of appeals' *sua sponte* determination regarding standing and failure to remand to the trial court resulted in a situation where the petitioner, through no fault of his own, was deprived of an opportunity to fully litigate his claim and prevented the state court from considering the merits of the claim. *Id*. at 527; see *also Matthew v. Foltz*, 786 F.2d 1165 (6th Cir. 1986) (Table) (noting that, in *Riley,* there had been no briefing on the standing issue because the petitioner had relied on a rule of law that the appellate court refused to apply, and thus, the "appellate court created a situation in which the substantive fourth amendment claim was not considered").

*Wangler v. Sheldon*, 2015 WL 13730919, at *11.

Here, Petitioner plainly availed himself of the opportunity to litigate his Fourth Amendment claim in state court. Unlike the petitioner in *Riley*, the state appellate court did not refuse to address the merits of his claim. Petitioner

thereafter appealed the appellate court's ruling to the Ohio Supreme Court where he had the opportunity to make the same arguments he raises in these proceedings. *Stone* requires no more.

For these reasons, and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection, ECF No. 3, is **OVERRULED**. The Report and Recommendation, ECF No. 2, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of this action as failing to provide a basis for relief.  The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED**.

/s/ *Michael H. Watson*_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**